Gary S. Krill, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 11, 1983, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Samuel W. Milkes,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, June 3, 1983:

Claimant Gary S. Krill has appealed from a decision of the Unemployment Compensation Board of Review which affirmed a referee's decision denying him benefits on the ground that Nationwide Insurance, his employer, had discharged him from his position as a coder because of willful misconduct.

The sole question is whether the referee's findings of fact, favoring the employer as the party who bore the burden of establishing the willful misconduct disqualification basis, are supported by substantial competent evidence in the record.

The referee's decision, as adopted by the board, begins with an initial finding identifying the employer and the January 23, 1981 date of discharge. The remaining findings, in their entirety, read as follows:

2. On said date, the claimant was involuntarily terminated from his employment for insubordination and associated conduct which was in violation of the employer's standards of same.

3. The claimant had been warned by certain paragraphs in his performance rating that although he had the ability to be a cooperative employee, his conduct and attitude were against his employer's best interest and were not desired in the office.

4. In the last incident involved causing the claimant's separation, he became involved in an altercation with his supervisor while at work and as a result thereof, was discharged.

Our review of the entire record of evidence and testimony confirms board counsel's acknowledgment that the fourth finding, concerning an altercation with the supervisor, is based only on hearsay testimony, without any corroboration, and therefore has no competent foundation. *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1977).

Without the fourth finding—the only one relating to the claimant's relationship with any supervisor—there is no basis for the finding or conclusion of "insubordination" in the second finding, and the third finding merely establishes a warning, rather than any violation.

Although the record does contain evidence from the employer concerning absenteeism and tardiness on the part of the employee, the referee clearly declined to affirm those matters as bases for discharge. Also, the employer's witness described a dispute between the claimant and a fellow worker—not a supervisor—during the summer preceding the discharge, but the referee again declined to make any finding identifying that matter as a basis for termination.

Accordingly, with the only factual basis for discharge not supported by substantial competent evidence, we are unable to affirm the disqualification and must reverse.

ORDER

Now, June 3, 1983, the decision of the Unemployment Compensation Board of Review, No. D-200084, dated October 8, 1981, in appeal No. B-81-3-E-243 is reversed, and this case is remanded for computation of benefits.